IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LAQUITA THOMAS                                                                                    PLAINTIFF
*On Behalf Of*
A MINOR CHILD, J.W.

vs.                                             Civil No. 4:12-cv-04116

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

LaQuita Thomas ("Plaintiff") brings this action on behalf of a minor child, J.W., and pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") on behalf of J.W. under Title XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed an application for SSI on behalf of J.W. on December 12, 2008. (Tr. 17, 167-173). Plaintiff alleges J.W. is disabled due to Attention Deficient Hyperactivity Disorder ("ADHD"). (Tr. 200). Plaintiff alleges J.W.'s onset date was November 10, 2008. (Tr. 17). This application was denied initially on February 12, 2009 and was denied again on

---

[1] The docket numbers for this case are referenced by the designation "ECF No.___." The transcript pages for this case are referenced by the designation "Tr."

reconsideration on June 15, 2009. (Tr. 60-61). On August 21, 2009, Plaintiff requested an administrative hearing on her application. (Tr. 73-75). An administrative hearing was held on April 21, 2011 in Texarkana, Arkansas. (Tr. 37-59). Plaintiff and J.W. were present at this hearing and were represented by counsel. *Id.* Plaintiff and J.W. testified at this hearing. *Id.* At the time of this hearing, J.W. was nine years old and was in the third grade. (Tr. 40-41).

On May 25, 2011, the ALJ entered an unfavorable decision denying Plaintiff's request for disability benefits for J.W. (Tr. 14-32). In this opinion, the ALJ determined J.W. was born on November 30, 2001 and was a school-aged child on his application date and was a school-aged child on the ALJ's decision date. (Tr. 20, Finding 1). The ALJ determined J.W. had not engaged in Substantial Gainful Activity ("SGA") since December 12, 2008, his application date. (Tr. 20, Finding 2). The ALJ determined J.W. had the following severe impairments: asthma, ADHD, and Oppositional Defiant Disorder ("ODD"). (Tr. 20, Finding 3).

The ALJ, however, also determined the evidence did not establish J.W. had an impairment or a combination of impairments that were either listed in, or medically equivalent to, those listed in Appendix 1, Subpart P, Regulation No. 4 ("Listings"). (Tr. 20, Finding 4). The ALJ then evaluated the six domains of functioning and determined J.W. did not have an impairment or a combination of impairments functionally equivalent to the Listings. (Tr. 20-31, Finding 5). Specifically, the ALJ determined J.W. only had the following limitations: (1) no limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less than marked limitation in the ability to care for himself; and (6) no limitation in health and physical well-being. *Id.*

The ALJ determined because J.W. did not have an impairment or combination of impairments that resulted in either a "marked" limitation in any two domains of functioning or an "extreme" limitation in any one domain of functioning, J.W.'s impairments or combination of impairments were not functionally equivalent to the Listings. (Tr. 20-31, Finding 5). Accordingly, based upon this information, the ALJ found J.W. was not disabled and had not been disabled at any time since December 12, 2008, the date his application was filed. (Tr. 31, Finding 6).

On June 3, 2011, Plaintiff requested the Appeals Council's review of the ALJ's hearing decision. (Tr. 12). On August 22, 2012, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 6-8). On September 25, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of the Court on October 5, 2012. ECF No. 5. Both Plaintiff and Defendant have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program.

Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2008, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must

consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See* 20 C.F.R. § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.     Discussion:**

The Parties do not dispute J.W. meets the disability requirements under Step One (J.W. has not engaged in SGA) and Step Two (J.W.'s impairments are severe) of the Analysis. Plaintiff, however, claims the ALJ erred in finding J.W. was not disabled at Step Three of the Analysis. ECF No. 8 at 1-20. Specifically, Plaintiff claims J.W.'s impairments are functionally equivalent to the Listings under the six broad areas of development and functioning. *Id.* The Court has considered the arguments raised in the Parties' appeal briefs and has considered the transcript in J.W.'s case. Based upon this review, the Court finds the ALJ's hearing decision dated May 25, 2011 is not supported by substantial evidence in the record and should be reversed and remanded because the ALJ failed to properly evaluate J.W.'s subjective complaints pursuant to 20 C.F.R. § 416.929 (2011).

In a child disability case, the Social Security Regulations clearly state that the ALJ is required to analyze subjective complaints in accordance with the seven factors from 20 C.F.R. § 416.929(c) (providing the requirements for "[e]valuating the intensity and persistence of your symptoms, such as pain, and determining the extent to which your symptoms limit your capacity for work or, *if you are a child, your functioning*.") (emphasis added).

Specifically, the ALJ must consider the following factors: (1) the child's daily activities; (2) the location, duration, frequency, and intensity of the child's pain or other symptoms; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of the child's medication; (5) treatment, other than medication, that the child receives or has received for relief of pain or other symptoms; (6) any measures the child uses or has used to relieve his or her pain or other symptoms; and (7) other factors concerning the child's functional limitations or restrictions due to pain or other symptoms. *See* 20 C.F.R. § 416.929(c)(3); *Polaski v. Heckler,* 739 F.2d 1320 (8th

Cir. 1984) (requiring analysis of five of those factors). The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines those factors prior to discounting the subjective complaints regarding the child's functional limitations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).

In the present action, the ALJ did not provide any substantive analysis of the seven factors from 20 C.F.R. § 416.929(c)(3). (Tr. 20-31). Instead, the ALJ made some cursory findings and discounted J.W.'s subjective complaints by focusing upon his appearance and demeanor at the hearing:

> During her testimony, I closely observed claimant's and his mother's demeanor and behavior, responses and manner of responses to questions, facial expressions and body dynamics, reactions in and to the hearing proceedings, and entrances and exits. It is emphasized that my observations are only one factor among many being relied on in reaching a conclusion regarding the credibility of claimant's allegations and residual functional capacity.

(Tr. 25). Although the ALJ stated this was only "one factor" he considered, the ALJ did not reference any other factors in his decision to discount J.W.'s claim that he is disabled. (Tr. 20-31).

Indeed, the ALJ's entire opinion–which is lengthy at 16 pages–appears to be only a statement of the relevant law. (Tr. 17-32). There is very little analysis of J.W.'s specific claims. *Id.* For example, the ALJ does not provide a factual basis for finding that J.W. has "no limitation in acquiring and using information" or a "less than marked limitation in attending and completing tasks." (Tr. 27-28). Accordingly, on remand, the ALJ should also ensure his entire opinion is properly supported by the facts in this individual case and is not merely a listing of the applicable law. Because the ALJ's analysis of J.W.'s subjective complaints was insufficient, this case must be reversed and remanded.

7

**4.      Conclusion:**

Based upon the foregoing, the decision of the ALJ, denying benefits to J.W., is not supported by substantial evidence and must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of September 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE